IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| HOUSTON HART, | ) | CASE NO.3:17-CV-02614 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN JAMES HAVILAND, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Houston Hart for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Hart is incarcerated by the State of Ohio at the Allen Correctional Institution in Lima, Ohio[3] where he is serving a life sentence imposed in 2015 by the Lucas County Common Pleas Court after Hart was convicted at a jury trial of murder.[4]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered on May 1, 2018.
[2] ECF No. 1.
[3] drc.ohio.gov/offendersearch
[4] ECF No. 8 at 2 (citing record).

1

Hart here raises three grounds for federal habeas relief.[5] The State in its return of the writ argues that two grounds should be dismissed as non-cognizable and the third should be dismissed as procedurally defaulted.[6] Hart filed a traverse.[7]

For the reasons set forth below, I will recommend that the petition be dismissed.

## Facts

*Background facts/trial and sentence*

The underlying facts of the offense were simply stated by the Ohio appeals court:[8]

Houston Hart and Joseph Meyers were residents of the Toledo Gospel Mission. On August 3, 2015, the men quarreled. Hart became enraged, punched Meyers several times, threw him down a flight of stairs, and kicked his head. Meyers later died of his injuries while hospitalized.[9]

A grand jury indicted Hart on two murder charges related to Meyers' death.[10] The matter proceeded to a jury trial at which Hart's counsel requested a jury instruction on involuntary manslaughter. The trial court refused to give that instruction, ruling that Hart

---

[5] ECF No. 1 at 6-11.
[6] ECF No. 8 at 5-10.
[7] ECF No. 19.
[8] ECF No. 8, Attachment (state record) at 49. Facts found by the state appellate court are here presumed correct. 28 U.S.C. § 2254(e)(1).
[9] ECF No. 8, Attachment at 49.
[10] *Id*.

2

had provided no evidence of any provocation by the victim that would have warranted the use of deadly force in response.[11]

The jury found Hart guilty of one of the murder charges and, on February 10, 2015, the trial court then sentenced him to life in prison, with the possibility of parole in fifteen years.[12] In addition, the court imposed five years mandatory post-release control.[13]

## *Direct appeal*

### *Court of appeals*

On March 10, 2015 Hart, through different counsel,[14] timely[15] filed a notice of appeal.[16] In his brief Hart raised two assignments of error:

    1.    The trial court abused its discretion by denying [Hart's] motion to include the lesser included offense of involuntary manslaughter.

    2.    The trial court abused its discretion and erred to the prejudice of [Hart] by imposing financial sanctions without consideration of [Hart's] ability to pay.[17]

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.* at 8, 11.
[15] Ohio App. Rule 4 provides that an appeal must be filed within 30 days of entry of the judgment.
[16] ECF No. 8, Attachment at 11.
[17] *Id.* at 17.

The State filed a responsive brief[18] to which Hart replied.[19] On December 16, 2016, the Ohio appeals court overruled all of Hart's assignments of error and affirmed the judgment of the trial court.[20]

*Supreme Court of Ohio*

On January 30, 2017, Hart, *pro se*, timely[21] filed a notice of appeal with the Supreme Court of Ohio.[22] In his jurisdictional memorandum, Hart raised the following two propositions of law:

    1.    The trial court abused its discretion and erred to the prejudice of [Hart] by denying his request for voluntary manslaughter jury instructions.

    2.    The trial court abused its discretion and erred to the prejudice of [Hart] by imposing financial sanctions without consideration of [Hart's] ability to pay.[23]

The State waived the filing of a responsive brief.[24] On May 17, 2017, the Supreme Court of Ohio declined jurisdiction and dismissed the appeal.[25] The record does not show that Hart then filed a writ of certiorari with the United States Supreme Court.

***Rule 26(B) application to reopen the appeal***

---

[18] *Id*. at 28.
[19] *Id*. at 43.
[20] *Id*. at 48.
[21] An appeal to the Supreme Court of Ohio must be filed within 45 days of the appellate judgment. Ohio Sup. Ct. Rule 7.01(A).
[22] ECF No. 8, Attachment at 57.
[23] *Id*. at 60.
[24] *Id*. at 75.
[25] *Id*. at 76.

4

While Hart's appeal to the Supreme Court of Ohio was still pending, and approximately four months after the Ohio appeals court judgment affirming his conviction, Hart, *pro se*, on April 3, 2017 filed an untimely Rule 26(B) motion to reopen his appeal.[26] In his motion Hart contended his appellate counsel was ineffective in the following three ways:

    1.    Appeals counsel was ineffective for not raising trial court error in not granting a continuance.
    2.    Appeals counsel was ineffective for not raising trial counsel ineffectiveness; trial counsel['s] own words [were that] he was ineffective and ill prepared.
    3.    Appeals counsel was ineffective for not raising trial court abuse. Trial counsel and trial court did not take the time to investigate the correct lesser included offense of felony murder.[27]

The State responded by arguing that Hart's application was untimely as well as without merit.[28] On May 19, 2017, the Ohio appeals court denied Hart's application as untimely filed.[29] The record does not show that Hart attempted an appeal from this decision to the Supreme Court of Ohio.

***Federal habeas corpus petition***

---

[26] *Id*. at 77.
[27] *Id.*
[28] *Id*. at 88.
[29] *Id*. at 99.

5

On December 15, 2017,[30] Hart, *pro se*, timely[31] filed this petition for federal habeas relief.[32] The petition alleges the following three grounds for relief:

    1.    The trial court abused its discretion by denying [Hart's] motion to include the lesser included offense of voluntary manslaughter.

    2.    The trial court abused its discretion and erred to the prejudice of [Hart] by imposing financial sanctions without considering [Hart's] ability to pay.

    3.    Appellate counsel was ineffective for not raising trial [court] error in not granting a continuance and trial counsel ineffectiveness.[33]

In its return of the writ the State argues that Grounds One and Two should be dismissed as non-cognizable issues of state law.[34] Alternatively, the State contends that Ground One, which raises a claim about the inclusion of a jury charge on a lesser included offense, should be denied on the merits in that, in a non-capital case, there is no federal Due Process requirement to charge the jury as to a lesser included offense.[35] Finally, the State asserts that Ground Three should be dismissed as procedurally defaulted in that Hart was untimely in filing his Rule 26(B) application to reopen his appeal and also never appealed the dismissal of his application for untimeliness to the Supreme Court of Ohio.[36]

---

[30] This is the date the petition was received and docketed. Hart did not date the petition itself. See, ECF No. 1 at 15.

[31] Subject to other factors not relevant here, a federal habeas petition must be filed within one year of the state conviction becoming final. 28 U.S.C. § 2244(d)(1). Here, the Supreme Court of Ohio dismissed Hart's appeal on May 17, 2017 and this federal habeas petition was filed on December 15, 2017.

[32] ECF No. 1.

[33] *Id.* at 5-8.

[34] ECF No. 8 at 12, 19, 20-21.

[35] *Id.* at 13 (citing *Bagby v. Sowders*, 894 F.2d 792, 797-98 (6th Cir. 1990) (*en banc*).

[36] *Id.* at 5-9.

In that regard, the State notes that Hart has not shown cause for this default nor that his conviction was a fundamental miscarriage of justice.[37]

In his traverse, Hart does not address the claimed procedural default of Ground Three. Further, he does not argue that Grounds One and Two involve clearly established federal law. Rather, in both instances he cites only Ohio law and Ohio case authorities.[38] However, he argues, while citing no authority, that the claim in Ground Two concerning the denial of a charge on a lesser included offense was so "intrinsically harmful" as to "require automatic reversal without regard to [its] effect on the outcome [of the trial]."[39]

**Analysis**

*Preliminary observations*

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Hart is currently in custody of the State of Ohio as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Hart meets the 'in custody' requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[40]

2.    There is no dispute, as detailed above, that this petition was timely filed under the applicable statute.[41]

3.    In addition, Hart appears to state in his petition,[42] and my own review of this Court's docket confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.

---

[37] *Id*. at 7.
[38] ECF No. 19 at 4-8.
[39] *Id*. at 7.
[40] 28 U.S.C. § 2254(a).
[41] 28 U.S.C. § 2254(d)(1).
[42] ECF No. 1 at 12. Hart did not answer the relevant question.

4. Moreover, subject to the procedural default claim asserted by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of either their presentment through one full round of the state's established appellate review procedure or because no further remedies remain available for their presentation.[43]

5. Finally, Hart has neither requested the appointment of counsel[44] nor requested an evidentiary hearing.[45]

*Grounds One and Two should be dismissed as non-cognizable*

Ground One contends that the trial court abused its discretion by denying Hart's motion to charge the jury on the purported lesser included offense of manslaughter. As the State points out, the United States Supreme Court has declined to find that the Constitution requires the giving of such an instruction in a non-capital case.[46] Further, as the State also observes, the Sixth Circuit in *Bagby v. Sowders*[47] has directly analyzed and refuted Hart's vague assertion that the failure to give a lesser included offense in a non-capital case somehow inherently results in a miscarriage of justice fundamentally inconsistent with due process.[48] Thus, no clearly established federal law is implicated by the trial court's decision not to charge the Hart jury on manslaughter.

In such a case as here, the trial court's decision on how to charge the jury is normally a non-cognizable matter of state law.[49]

---

[43] 28 U.S.C. § 2254(b).
[44] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.
[45] 28 U.S.C. § 2254(e)(2).
[46] ECF No. 8 at 13 (citing *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980).
[47] *Sowders*, 894 F.2d 792 (6th Cir. 1990) (*en banc*).
[48] *Id*. at 797-98; see also, *Scott v. Elo,* 302 F.3d 598, 606 (6th Cir. 2002).
[49] See, *Engle v. Isaac*, 456 U.S. 107 (1982) (alleged errors in jury instructions do not normally rise to the level of cognizable federal constitutional claims).

In Ground Two, Hart contends that the trial court abused its discretion by imposing on him the costs of prosecution under Ohio law. As noted by the State, Hart has not pointed to any federal Constitutional provision concerning a state court's application of state law as to court costs.[50] Further, as was true as regards Ground One, a federal habeas court must accept a state court's interpretation and application of its own statutes and rules of practice.[51]

***Ground Three should be dismissed as procedurally defaulted***

Despite knowing the State's contention in the return of the writ that Ground Three was procedurally defaulted, Hart made no attempt in his traverse to offer cause and prejudice to excuse the default. Lacking any such attempt to excuse the default in the traverse, Hart must be considered as having waived the claim made in Ground Three.[52]

That said, even if Ground Three is not considered waived, I recommend finding that it should be dismissed as procedurally defaulted. As the State notes, the Ohio appeals court found that Hart's Rule 26(B) application was untimely filed, given that Ohio law states that such applications should be filed within ninety days of the appellate decision.[53] Hart did not file within this time limit and the Ohio appeals court enforced that time limit by

---

[50] ECF No. 8 at 21.
[51] *Brown v. Ohio*, 432 U.S. 161, 167 (1977).
[52] *Turner v. Warden*, 2009 WL 866841, at *12 (S.D. Ohio March 31, 2009) (adopting report and recommendation).
[53] ECF No. 8 at 7 (citing Ohio App. R. 26(B)).

dismissing the application, noting that Hart had given no good cause for the untimely filing.[54]

In *Pace v. DiGuglielmo*,[55] the United States Supreme Court found that when a state post-conviction petition is untimely filed under state law, "that is the end of the matter."[56] As relates to factors concerning procedural default set out by the Sixth Circuit in *Maupin v. Smith*,[57] Ohio's enforcement of the time limits for filing Rule 26(B) applications is considered to be an adequate and independent state procedural ground which can foreclose federal habeas review.[58]

Hart's failure to appeal to the Ohio Supreme Court from the dismissal of his Rule 26(B) application is yet another procedural default of the claim in Ground Three in that this failure deprived Ohio courts of the ability to consider this claim through one complete round of Ohio's established appellate review procedure.[59]

Given these defaults, Hart must now show cause for the defaults and prejudice from not obtaining a merits review in this Court.[60] Or, alternatively, he must provide new reliable evidence of his actual innocence.[61] Although he had notice of the State's claim of

---

[54] ECF No. 8, Attachment at 99.
[55] 544 U.S. 408 (2005).
[56] *Id*. at 414.
[57] 785 F.2d 135, 138 (6th Cir. 1986).
[58] *Id*.
[59] *O'Sullivan v. Boerkel*, 526 U.S. 838 (1999).
[60] *Murray v. Carrier*, 477 U.S. 478, 485 (1986).
[61] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

procedural default, as noted earlier, he made no attempt to show cause or otherwise excuse the default in his traverse.

## Conclusion

For the reasons stated, I recommend that the petition of Houston Hart for a writ of habeas corpus be dismissed as non-cognizable in part and procedurally defaulted in part, as is more fully detailed above.

IT IS SO RECOMMENDED.

Dated: March 3, 2021                    s/William H. Baughman Jr.
                                        United States Magistrate Judge

## **Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[62]

---

[62] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).